Southern District of Texas
RECEIVED
MAR 27 2000
Michael N. Milby, Clerk of Court

AO 243
REV 6/82

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District: Southern District of Texas/Brownsville | |
|---|---|---|
| Name of Movant: CARLOS OTERO | Prisoner No. #74485-079 | Docket No. B-96-337-02 |
| Place of Confinement: FCI Waseca, P.O. Box 1500, Waseca, Minnesota, 56093 | | |
| UNITED STATES OF AMERICA | V. | Carlos Otero a/k/a Charlie Otero (full name of movant) (include name upon which convicted) |

B-00-044  MOTION

1. Name and location of court which entered the judgment of conviction under attack: District Court for the Southern District of Texas, Brownsville Division, P.O. Box 2299, Brownsville Texas, 78520.

2. Date of judgment of conviction: April 30, 1997

3. Length of sentence: 10 Years, with 8 years Supervised Release.

4. Nature of offense involved (all counts): Count 1--Conspiracy to Import a quantity exceeding 100 kilograms of marihuana, in violation of 21 U.S.C. §§ 963, 952(a) and 962(b)(2); Count 2--Conspiracy to Possess, with intent to distribute a quantity exceeding 100 kilograms of marihuana, in violation of 21 U.S.C. §§ 846, 841(a)(1)( and 841(b)(1)(B).; Count 5--Conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h).

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

   MAR 27 2000
   Clerk of Court

6. Kind of trial: (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 243
REV 6/82

9. If you did appeal, answer the following:

   (a) Name of court __5th Circuit Court of Appeals__

   (b) Result __Affirmed on all counts (Counts 1, 2 & 5).__

   (c) Date of result __April 2, 2000.__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __N/A__

   (2) Nature of proceeding __N/A__

   (3) Grounds raised __N/A__

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

   (5) Result __N/A__

   (6) Date of result __N/A__

   (b) As to any second petition, application or motion give the same information:

   (1) Name of court __N/A__

   (2) Nature of proceeding __N/A__

   (3) Grounds raised __N/A__

(3)

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result ___N/A___

(6) Date of result ___N/A___

(c) As to any third petition, application or motion, give the same information:

(1) Name of court ___N/A___

(2) Nature of proceeding ___N/A___

(3) Grounds raised ___N/A___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result ___N/A___
(6) Date of Result ___N/A___

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
  (1) First petition, etc.    Yes ☐ No ☒
  (2) Second petition, etc.  Yes ☐ No ☒
  (3) Third petition, etc.   Yes ☐ No ☒

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
___N/A___

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION· If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Ineffective Assistance of Counsel

Supporting FACTS (tell your story *briefly* without citing cases or law: Counsel failed to properly introduce exculpatory evidence from statement of co-defendant Andrade, who implicated himself, while exculpating Movant.(see also companion Motion requesting extension of time -and- Request for Appointment of Counsel).

B. Ground two: Violation of Due Process and Equal Protection of Law and Defendant's Fifth and Sixth Amendment Rights.

Supporting FACTS (tell your story *briefly* without citing cases or law): Resultant 10 year sentence is in violation of Title 18 U.S.C. § 3553(a), U.S.S.G. 5K2.0 and the Rule of Lenity, as well as a Misapplication of the Guidelines in violation of Title 18 U.S.C. § 3742.

C. Ground three: Violation of Due Process and Rules 52(b), Plain Error, and Rule 32(d).

Supporting FACTS (tell your story *briefly* without citing cases or law): PSIR was not based on accurate information regarding drug quantities as charged in the indictment (more than 100 kilograms) vs. (less than 100 kilograms), affecting the minimum mandatory sentencing of 10 years when movant's guideline

(5)

AO 243
REV 6/82

range was level 28, Criminal History Category I, 78-97 months. In sum, no evidence established that Movant had knowledge of the amount of drugs in the vehicle.

D. Ground four: Movant reserves this ground for Supplementation "within 120 days" pending granting of extension of time and his

Supporting FACTS (tell your story *briefly* without citing cases or law): request for the Court to Appoint Counsel under Title 18 U.S.C. § 3006(A) (see also attached Motion for extension of time and Request for Appointment of Counsel, filed companion hereto).

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Counsel's deficient performance.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing  Earnest Grumbles, 855 West Price Road, Suite 9, Brownsville Texas, 78520.

   (b) At arraignment and plea  Same as 15(a).

   (c) At trial  Same As 15(a).

   (d) At sentencing  Same as 15(a).

(6)

AO 243
REV 6/82

(e) On appeal  Alberto Pullen, 815 Ridgewood, Brownsville, Texas, 78520

(f) In any post-conviction proceeding  N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒

　(a) If so, give name and location of court which imposed sentence to be served in the future: 
N/A

　(b) Give date and length of the above sentence:  N/A

　(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

　　　　　　　　　　　　　　　　　Carlos Otero, appearing pro se.
　　　　　　　　　　　　　　　　　　　Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

March 17, 2000.
　　(date)

　　　　　　　　　　　　　　　　　　Carlos Otero
　　　　　　　　　　　　　　　　　Signature of Movant

Carlos Otero, Reg. No. 74485-079
FCI Waseca, P.O. Box 1500/Unit A
Waseca, Minnesota  56093

(7)