United States District Court
Southern District of Texas
RECEIVED
MAR 27 2000
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>CARLOS OTERO,<br>　　　　Defendant. | Case No. B-96-337-02<br><br>Civil No. B-00-044 |

REQUEST FOR EXTENSION OF TIME TO SUPPLEMENT SECTION 2255
-AND-
REQUEST FOR APPOINTMENT OF COUNSEL

COMES NOW, the Defendant, CARLOS OTERO, appearing pro se, who hereby moves this Honorable Court in this, his Request for Extension of Time to Supplement his Section 2255 Petition filed companion, and his Request for Court Appointment of Counsel under Title 18 U.S.C. § 3006(A). For the reasons as set forth below Mr. Otero is entitled to relief on both requests.

I.
FACTS

1. On December 3, 1996, a Federal Grand Jury in Brownsville, Texas, returned a five count sealed indictment naming five defendants. The Defendant, Mr. Carlos Otero, was named in Counts 1, 2 & 5:

> COUNT 1--Conspiracy to Import into the United States from Mexico, a quantity exceeding one hundred (100) kilograms of marihuana, in violation of 21 U.S.C. §§ 963, 952(a) and 962(b)(2).
>
> COUNT 2--Conspiracy to possess, with intent to distribute a quantity exceeding one hundred (100) kilograms of marihuana, in violaton of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

Pg. 1

COUNT 5--Conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h).[1]

2. Mr. Otero proceeded to trial along with the other defendants, and on February 26, 1997, all defendants were found guilty by Jury Verdict as to each of the counts they were charged with in the Indictment. On that same date, the Court ordered a presentence investigation report and set sentencing for April 30, 1997.

3. On April 30, 1997, Mr. Otero was sentenced to a term of 10 years imprisonment, and the Court found in favor of all objections to the presentence investigation report which does not affect the sentencing guidelines in behalf of Mr. Otero.[2]

4. On May 6, 1997, counsel for Mr. Otero filed a timely Notice of Appeal, which was docketed and accepted by the Court.

5. On June 6, 1997, the Court, pursuant to the Court Appointment Act, appointed attorney Alberto Byron Pullen to represent Mr. Otero on Direct Appeal to the Fifth Circuit.

6. Appeal Briefs for the Defendant and the Government were filed timely, and on March 5, 1999, the Fifth Circuit affirmed Mr. Otero's conviction on all counts (Counts 1, 2 & 5).

---

[1] With the exception of Mr. Otero, all defendants were named in all five (5) counts of the Indictment. Otero is named in Counts 1, 2 & 5 only.

[2] Mr. Otero's Total Offense Level was determined to be 28, with a Criminal History Category of I. This normally represents 78-87 months imprisonment, however, because the instant offense involved a minimum mandatory of 10 years, Mr. Otero was sentenced to a term of 10 years on Counts 1 & 2, to run concurrently with one another, along with Count 5, to run concurrently with Counts 1 & 2. The Court also ordered a term of 8 years supervised release to follow Mr. Otero's incarceration. Because Mr. Otero was without funds and determined to be indigent, and without any resources or assets, the Court waived the fine and granted him Court Appointment of Counsel for Direct Appeal.

7. On April Fools Day, 1999, counsel for Mr. Otero, wrote Mr. Otero a letter, notifying him of the Fifth Circuit's opinion, affirming the Direct Appeal.[3]

8. On September 20, 1999, Mr. Otero wrote counsel Pullen a letter, requesting a copy of his trial transcripts, so he could properly research and prepare a Section 2255 Petition to collaterally attack his conviction and sentence.

9. On October 20, 1999, after receiving no response to this letter, Mr. Otero, exercising good faith and practicing due diligence, wrote counsel Pullen a _second_ letter, requesting a copy of said trial transcripts, noting that the "one year gatekeeping provisions of the AEDPA of 1996" was running and time was of the essence.

10. On November 2, 1999, counsel Pullen responded to Mr. Otero's letter of inquiry/request, and indicated that he would be "unable to provide Mr. Otero with the trial transcripts" without being personally "liable for $6,000.00" to the Court for breaking the Court Appointment (CJA) Act Rules.

11. On November 26, 1999, Mr. Otero filed a Motion for Production of Transcripts to the District Court for the Southern District of Texas, Brownsville Division.

---

[3] Contained within the notification letter to Mr. Otero was the following comment: "This was in my opinion a close case. In fact after filing your brief, we (counsel) were granted oral argument. Something that is hardly ever done, unless the Court is not completely sure in what to do. It seems that you were somehow linked to the conspiracy prior to the time of your arrest. It's all in the opinion...I'm sorry things did not work out for you this time."

Because the Court erred in concluding that Mr. Otero was somehow "linked to the conspiracy prior to the time of his arrest," and counsel failed to properly present facts and evidence to the contrary, Mr. Otero files his Section 2255 at this time, along with additional grounds for relief.

12. Contained within Mr. Otero's filing packet was four (4) original signature copies of said Motion for Production of Trial Transcripts, along with a cover letter and a self addressed stamped return envelope with instructions to please date stamp and return a confirmaton copy in the envelope contained in the packet.

13. Mr. Otero did not receive a response from the Court by letter, nor did he receive a copy of his Motion, date stamped and filed with the Court in his return envelope. He received nothing.

14. On January 18, 2000, practicing due diligence, Mr. Otero wrote the Clerk a second letter, attaching a copy of the Motion for Production of Trial Transcripts (six pages in all), and requested a confirmation copy of the same, or in the alternative, confirmation that the instant Motion had been received and filed by the Court. Within this letter, Mr. Otero noted that he needed: (1) A docket sheet in the instant case, (2) confirmation of receipt of the attached motion, and (3) a timely ruling on the pending motion, and/or (4) an extension of time beyond the one year deadline to file his Section 2255 Petition under the present circumstances (under the Rule of Lenity and/or Equitable Tolling Doctrine).

15. Mr. Otero received no response from the Court Clerk on any of the above three requests or even notification that his letter/request had been received.

16. On February 15, 2000, Mr. Otero wrote the Clerk a third letter, attaching a copy of his second letter/request, and requested a simple copy of the Docket Sheet in the case sub judice.

17. On March 1, 2000, the Clerk of the Court forwarded a copy of the Docket Sheet in Mr. Otero's case. This is the first time Mr. Otero had confirmation that his November 26, 1999, Motion for Production of Transcripts had been received and filed by the District Courrt (more than 90 days had lapsed).

18. On March 13, 2000, Mr. Otero received a packet of Trial Transcripts in the mail at his designated prison facility, F.C.I. Waseca, P.O. Box 1500, Waseca, Minnesota, 56093. Contained within this packet was Volumes I, II, III, VII & VIII. (Volumes IV, V & VI were not included).

19. On March 17, 2000, Mr. Otero received a <u>second</u> packet of Trial Transcripts at mail-call at FCI Waseca. This packet contained the remaining Transcripts, completing the mailing.

20. Mr. Otero is now ready to research and properly prepare his Section 2255 Petition, collaterally attacking his conviction and sentence as provided under the Due Process and Equal Protection Clauses of the United States Constitution, and this is the first day that Mr. Otero can effectively perform this task before him, with the advent of the arrival of the entire eight volumes of the Trial Transcripts.

## II.
## BASIS FOR EXTENSION OF TIME

A review of the Docket Sheet in the instant case indicates that the District Court docketed Mr. Otero's Direct Appeal denial on April 2, 2000. Because the "one year gatekeeping provisions" of the AEDPA of 1996 are affecting Mr. Otero's "time to file his Section 2255 Petition," and Mr. Otero has demonstrated due diligence and good faith in his efforts since September 20, 1999, to obtain the necessary materials for filing his Section

Pg. 5

2255 Petition, Mr. Otero's request for extension of time to file a Supplemental Motion on his habeas corpus issues must be granted at this time, to include "an additional 120 days."

Additionally, Mr. Otero has recently been notified by his Unit Team Staff at FCI Waseca, that his custody classification has been reviewed, and he is soon to be transferred to a lower level facility (Camp Placement) for clear conduct. Because Mr. Otero is presently packing his personal property to facilitate this transfer, and will be in transit for an undetermined amount of time (most likely 3-6 weeks), this extension of time request of "120 days time" is warranted and justifiable under the present circumstances, and thus should be granted by the Court at this time for good cause shown.

## III.
### REQUEST FOR APPOINTMENT OF COUNSEL

Mr. Otero is unskilled in the law. The intra-prisoner legal assistance he is presently receiving will not be able to assist him past this juncture of the Section 2255 proceedings because Mr. Otero is being transferred to another facility. Because appeal counsel Pullen specifically noted that Mr. Otero's direct appeal "was a close one," and the Circuit Court's basis for affirming was due to their belief that "Mr. Otero was somehow linked to the conspiracy prior to the time of his arrest," (when evidence properly presented would have revealed otherwise), there is a prima facie showing that Mr. Otero may be granted relief on habeas corpus if counsel is appointed to represent him under Court Appointment Act and Title 18 U.S.C. § 3006(A).

Pg. 6

It should also be noted that Trial Motions indicated that "exculpatory evidence" was available in Mr. Otero's behalf by way of statement attached to Mr. Otero's Motion for Severance at the District Court level. A statement, that if given opportunity to be presented, could have significant impact and place the entire procedings in a different light sufficient to warrant an evidentiary hearing in Mr. Otero's behalf, if not be sufficient to warrant a "new trial" as to Mr. Otero's conviction and resultant sentence.[4]

There also exist several other relevant and meritorious issues that intra-prisoner legal assistance believes counsel, if appointed by the Court under Title 18 U.S.C. § 3006(A), will be able to bring to the surface for possible relief for Mr. Otero from the 10 year sentence imposed upon him on April 30, 1997, before the Honorable Judge Filemon B. Vela.[5]

## IV.
## CONCLUSION

Based on the foregoing, Mr. Otero prays this Court will grant him the following relief:

(1) An extension of Time to include "an additional 120 days" wherewith he may prepare and file his Motion to Supplement

---

[4] It should also be noted that this statement (from co-defendant Andrade) even inculpated Andrade while exculpating Mr. Otero, who was simply hired to drive a vehicle, but had not been privy to the truck's payload like the remaining four co-defendants that were named in all five counts.

[5] A cursory examination of Mr. Otero's transcripts, appeal briefs, Circuit Court opinion and Presentence Investigation Report indicate a Section 2255 should be filed. Notwithstanding Mr. Otero has maintained his position of actual innocence from the onset of his arrest and throughout appellate proceedings.

Pg. 7

his Section 2255 Motion that has been filed companion herein, and,

(2) The Court grant Appointment of Counsel under Title 18 U.S.C. § 3006(A), to represent Mr. Otero on filing his Motion to Supplement his Section 2255 Motion, and any additional motions and/or proceedings that may arise on the heels of this filing, and

further, that the Court grant any and all other relief it deems appropriate in Mr. Otero's behalf, applying the pro se rules of fairness and dictates of the Supreme Court's ruling in <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S.Ct. 594 (1972), "where a pro se litigant is not held to the same stringent guideline as an attorney," and therefore, Mr. Otero respectfully requests the Court apply any and all case law and/or rules of the Court that would benefit him in gaining relief in the case at bar.

Dated this 17 Day of March, 2000.

Respectfully Submitted,

X *Carlos Otero*
Mr. Carlos Otero
Reg. No. #74485-079
F.C.I. Waseca
P.O. Box 1500
Waseca, Minnesota  56093