IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 6 2000

Michael N. Milby
Clerk of Court

CARLOS OTERO,                    )
                                )     Civil Action No. B-00-44
           Petitioner,          )
                                )
     v.                         )
                                )
UNITED STATES OF AMERICA,       )
                                )
           Defendant.           )
                                )

## REQUEST FOR ENLARGEMENT OF TIME

COMES NOW, the Petitioner, Carlos Otero, appearing pro se, and hereby moves this Honorable Court in this, his request for enlargement of time. For the reasons as set forth below, Mr. Otero is entitled to an enlargement of time, to include an "additional 14 days time."

## I.
### FACTS

1.  Mr. Otero spent several months practicing due diligence to obtain the trial transcripts, both by contacting his Court appointed counsel, Alberto Pullen, and then by filing motions to the District Court.

2.  The day his Section 2255 was due, pursuant to the "one year gatekeeping provisions" of the Antiterrorism and Effective Death Penalty Act of 1996, the trial transcripts arrived, in part, in the mail at FCI Waseca. Mr. Otero immediately filed a pro se Section 2255 Form, identifying face issues, and requested an Extenstion of time to Supplement Section 2255, and Request for Appointment of Counsel.

3.  In his Motion for Extension of Time Mr. Otero pointed out to the Court that he "had recently been notified by his unit team that his custody classification had been reviewed and he is soon to be transferred to a lower level facility" (I.e., transfer to another prison).

Pg. 1

4.    Mr. Otero noted that he would most likely be in transit for sometime and would need "an additional 120 days" to perfect his Section 2255 Petition.

5.    On April 6, 2000, U.S. Magistrate Judge John Wm. Black entered an Order granting Mr. Otero's Request for Extension of Time, however, only granted an additional 45 days (until May 5, 2000, to supplement his brief).  Additionally, the same day by separate Order Mr. Otero's Request for Appointment of Counsel was denied.

## II.
## BASES FOR ENLARGEMENT OF TIME

1.    Mr. Otero is unskilled in the law and is working with another inmate (jailhouse lawyer) to perfect his Section 2255 petition.

2.    This inmate has been inundated with other work assisting other inmates, and been unable to properly research and prepare Mr. Otero's Supplement to the Section 2255 Petition.[1]

3.    For this cause Mr. Otero respectfully requests an additional 14 days wherewith he may properly prepare and file his Motion to Supplement.

4.    Mr. Otero notes that the granting of the instant request for enlargement of time would not prejudice the government in any way.

5.    Further, that the Court's denial of the instant motion would result in irreversible prejudice against Mr. Otero since his Motion for Appointment of Counsel was denied by this Court on April 6, 2000.

------------------------------

[1]The copy machine has also been periodically broken at FCI Waseca (Mr. Otero's present designation and housing facility), thereby crippling Mr. Otero's ability to effectively research the necessary cases and prepare his Supplemental Brief in Support of his Section 2255.  Moreover, Mr. Otero (and his assistant) has been unable to get on a typewriter at FCI Waseca to perfect the work because the law library rules for legal type- writers are not being properly enforced by Waseca Staff, and inmates are writing poetry and personal letters to "girls in the Philippines" on the legal typewriters.

Pg. 2

## III.
## CONCLUSION

WHEREFORE, for the reasons as stated above, Mr. Otero prays this Honorable Court grant him an "additional 14 days time" to file his Motion to Supplement his Section 2255, including until May 19, 2000, or

in the alternative, Mr. Otero requests the Court reconsider its April 6, 2000, Order denying his Request for Appointment of Counsel, by granting appointment of counsel at this time to perfect his brief in support under Title 18 U.S.C. § 3006(A), and

further, the Court grant any and all other relief it deems appropriate that would benefit Mr. Otero in gaining factual relief from his 10 years sentence imposed upon by this Court.

Dated this 2nd Day of May, 2000.

Respectfully Submitted,

X _Carlos Otero_ .
Mr. Carlos Otero
Reg. No. 74485-079
F.C.I. Waseca
P.O. Box 1500
Waseca, Minnesota 56093

### CERTIFICATE OF SERVICE

I hereby certify, under the penalty of perjury, and pursuant to Title 18 U.S.C. § 1746, that a true and correct copy of the foregoing instrument was mailed, properly addressed and postage pre-paid to the Clerk of the Court, Michael N. Milby, Southern District of Texas, P.O. Box 61010, Houston, Texas 77208, by placing a copy of the same in the prisoner legal mailbox at FCI Waseca, P.O. Box 1500, Waseca, Minnesota, 56093 on this 2nd Day of May, 2000.

X _Carlos Otero_
Mr. Carlos Otero