```
                                              United States District Court
                                               Southern District of Texas
                                                         FILED
        UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF TEXAS            NOV 01 2000
        BROWNSVILLE DIVISION
                                                  Michael N. Milby
                                                   Clerk of Court
```

CARLOS OTERO,                           Civil No. B-00-044

    Petitioner,

                                                    PETITIONER'S RESPONSE

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

    The petitioner, Carlos Otero, pro se, hereby responds to the government's motion for dismissal or summary judgement in the above captioned matter. Specifically, Otero will respond to the governments portion of response note as Inaccurate information in the PSR.

    Otero submits that there is an objective factor that externally prevented him from raising that the amount of drugs attributable to him is based upon inaccurate information and that the penalty provision as applied in the PSR is incorrect. Between the time of filing his 28 U.S.C. § 2255, and the government's response, the Supreme Court decided the case known as Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). Since this is Otero's "first" § 2255 motion he is not required to meet the nonretroactivity exceptions but demonstrate that his sentence was imposed in violation of the constitution and laws of the United States. Otero will meet this burden and asks this Court to excuse his failure in raising this argument because he is pro se and completely unlearned in all law.

a. <u>Procedural History and Background</u>:

On December 3, 1996, Otero was indicted for multiple violations of the United States Code (U.S.C.). Count I charged Otero for conspiracy to import more than 100 kgs of marijuana in violation of 21 U.S.C. §§ 952(a), 962(b) and 963. Count II charged Otero for a conspiracy to possess with intent to distribute more than 100 kgs of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). Count V charged Otero for a conspiracy to launder monetary instructions in violation of 18 U.S.C. § 1956(h).

Otero elected trial waiving no rights and on April 30, 1997, he was sentenced to concurrent 10 year mandatory minimum sentences based on his alleged conviction under Section 846/841(a) for which the penalties under Section 841(b)(1)(B) were applied. However, his Base Offense Level was level 28, Crim, I, for a sentencing range of 78-97 months.

b. <u>Jury Instructions</u>:

The jury instructions provided to Otero's jury identified that he was "charged" by engaging in a conspiracy to import from Mexico into the United States an amount of marijuana of over 100 kilograms. 100 kilograms is more than 220 pounds. That's Count I.

Count two alleges a conspiracy to possess with intent to distribute more than 220 pounds of marijuana.
(See; Jury Instructions at pp. 1434-35)

However, when the district court instructed Otero's jury as to the essential elements of Count I and Count II, the court <u>erred</u>

2

because it omitted the essential portion of the §§ 952(a)/ 841(a)(1) elements from the jury instructions and instructed the jury as to only the essential elements of §§ 963/ 846 itself which either produces a fundamentally defective instruction or a general verdict:

> "So what the government must prove to you beyond a reasonable doubt before you can find any of the the defendants guilty of Count One and/or two. Number one—
>
> **that two or more persons engaged in an agreement,** entered into an agreement to commit the crime as charged in the respective count, that two or more persons entered into an agreement.
>
> Number two, that the defendant that you have under your consideration knew the unlawful purpose and joined in it knowingly and willfully, **that is, with the intent to further the unlawful purpose."**
>
> (See; Jury Instructions at pp. 1445-46)(Emphasis added).

The verdict rendered by Otero's jury fails to indentify precisely which statutory provisions it found him guilty of violating, only that it found him guilty of Counts I, II and V:

> "We, the jury, find the defendant, Carlos Otero, also known as Charlie Otero, guilty on **Count One, guilty on Count Two, guilty on Count Five**, as charged in the indictment."

(See; Jury Verdict at p. 1599)

c. <u>Arguments and Authorities</u>:

Otero contends that the district court violated his Fifth and and Sixth Amendment rights because the instruction given to his jury under Count I have omitted the third essential elements of the §§ 952(a)/841(a)(1) violation, as well as the essential elements

3

of the either of the penalty provisions. Based on the instruction as given by the court, Otero's jury has found him guilty of of violating only §§ 963/ 846 which is properly known as a general verdict. Jones v. United States, 526 U.S. 227 (1999); U.S. v. Garcia, 37 F.3d 1359, 1369-71 (9th Cir. 1994).

Otero argues that the problem that arises in this matter is that under Count I, the court did not instruct the jury as to the essential elements of § 952(a) under the § 963 conspiracy and under Count II, the court did not instruct the jury as to the essential elements of § 841(a)(1) under the § 846 conspiracy. (See; Jury Instructions at pp. 1445-46). Under the recent rule of procedural law announced in Apprendi, any fact that increase the maximum penalty must be charged in the indictment, submitted to a jury and proven beyond a reasonable doubt. Id.

In this case, Section 952(a)(Count I) carries similar penalties as those provided for under 841(a)(1)(Count II), that is, neither carries its own penalty provision but must rely on a substantive offense to support the conviction. Similar to a violation under either Section 963 or 846 when only a general verdict is rendered by a jury. The new rule of law announced in Apprendi is a general verdict rule that now applies to Sections 952(a) and 841(a). What this means is, is that the penalties provided for under Sections 952(a) and 841(a) have now become the "objects" of those offenses. See; U.S. V. Nordby, Case No. 99-10191 (9th Cir. 2000)(citing U.S. v. Garcia, 37 F.3d 1359, 1369-71 for Nordby's relief upon remand).

4

Because Otero's jury was not instructed as to either one of the object crimes of the conspiracy[s], and because his jury not instructed as to any one of the "object" penalties of those offenses, he requests that this court <u>strike</u> his mandatory minimum 10 year sentence from the record and resentence him to two concurrent sentences under a Base Offense Level of 28, Crim I, for a sentencing range of 78-97 months. At this point, Otero does not challenge the constitutionality of the jury instruction. He challenges the constitutionality of the sentence imposed under the jury verdict in that it is ambiguous and <u>Apprendi</u> would directly apply in this instance.

Counsel's performance was deficient for failing to raise this issue at trial or sentencing and for failing to recognize the ambiguity in the jury instructions as to Counts I and II. The prejudice resulting from counsel's deficient performance is had he recognized this problem and raised this issue at sentencing, there is a reasonable probability that it would have been corrected on a direct appeal. The 10 year sentence imposed under such an ambiguous instruction is potentially 42 months greater than the sentence that should have been imposed under the least severe penalty provisions and application of the sentencing guideline. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Garcia</u>, 37 F.3d at 1371. Otero waives no rights as to any issues filed under his 28 U.S.C. § 2255 and if this court will not correct his sentence it will result in a manifest miscarriage of justice.

5

Respectfully submitted,

_Carlos Otero_
_____
Carlos Otero

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Petitioners Response was mailed by first class mail to:

ASSISTANT US ATTORNEY
910 TRAVIS SUITE 1500
P O BOX  61129
HOUSTON TX        77208

on this 24th day of October, 2000.

_Carlos Otero_
_____
Carlos Otero

6

1 determining a fact in issue, a witness qualified because of
2 his knowledge, skill, experience, training, education can
3 come before you and even state his or her opinion. And
4 just because a witness expressed an opinion does not mean
5 that you have to accept that opinion, even if that person is
6 what we characterize or classify as an expert. And you
7 should weigh that testimony like any other testimony. You
8 may accept it or reject it and give it as much weight as you
9 think it deserves, considering the witness' education,
10 experience, soundness of the reason, given further opinion
11 and all of the other evidence in the case.
12      So let's get to our case. You will have before
13 you five -- a five-count indictment. You will be told that
14 you're to take each count and consider it separately and
15 independently and apart from all other counts. You will be
16 told that the four counts address what we call the criminal
17 offenses involving the drugs, conspiracy to import,
18 conspiracy to possess, and then two counts of what we call
19 substantive charges, counts, possession, and then the fifth
20 one is money laundering.
21      So let's first address the first four counts
22 because, you see, Count Number One, and I'll define
23 conspiracy for you in a few minutes, alleges that all of
24 these defendants engaged in a conspiracy to import from
25 Mexico into the United States an amount of marijuana of over

1   100 kilograms.   100 kilograms is more than 220 pounds.
2   That's Count Number One.   It alleges a conspiracy to import
3   marijuana.
4          Count Number Two alleges a conspiracy to possess
5   with the intent to distribute more than 220 pounds of
6   marijuana.
7          Count Number Three alleges that these defendants,
8   as I'm going to define possession for you, actually did
9   possess with intent to distribute more than 100 kilos, more
10  than 220 pounds of marijuana, that is, about 648 pounds.
11         And Count Number Four alleges that these same
12  defendants actually possessed with the intent to distribute
13  another amount of marijuana, that is, about 596 pounds.
14  Those are the first four counts.
15         All of those four counts very much, very obviously
16  are going to involve the element of possession.   In order
17  for you to import from Mexico, you have to have
18  possession.   In order for you to possess, you have to have
19  possession as the law contemplates.   And, you see, under
20  the laws of the United States, there's two kinds of
21  possession.   There is actual possession and there is
22  constructive possession.   What are we talking about?  You
23  see this pen?  It is in my hands.   And it is my intention
24  to exercise control and dominion, and I am exercising
25  physical dominion over this pen.   I'm in actual possession

1 partnership in crime where everybody becomes the agent of
2 every other member.
3     Now, in order for you to find the defendant guilty
4 of Counts One and Two, which is the conspiracy to import,
5 and Count -- that's Count One, Count Two is conspiracy to
6 possess with intent to distribute, you must find beyond a
7 reasonable doubt that the Government has proven the first
8 two matters that I'm going to talk to you beyond a
9 reasonable doubt.
10     When we get to Count Number Five, which is the
11 conspiracy to launder, it's going to involve another
12 element, and that element is going to be very simply -- an
13 element which requires that you have to find, in order for
14 you to find any of the defendants guilty of the money
15 laundering, that there was a conspiracy that actually
16 committed an overt act, as alleged in the indictment, an
17 overt act of something.  He went to rent the getaway car,
18 something like that.  All right.
19     So what must the Government prove to you beyond a
20 reasonable doubt before you can find any of the defendants
21 guilty of Count One and/or Count Two.  Number one, that two
22 or more persons engaged in an agreement, entered into an
23 agreement to commit the crime as charged in the respective
24 count, that two or more persons entered into an agreement.
25     Number two, that the defendant that you have under

1  consideration knew the unlawful purpose and joined in it
2  knowingly and willfully, that is, with the intent to further
3  the unlawful purpose.  If you find that the Government has
4  proven both of those things beyond a reasonable doubt with
5  respect to either Count One and/or Count Two with regard to
6  any one of the defendants, you should find that defendant
7  guilty.  If you're not satisfied that the Government has
8  proven those two matters beyond a reasonable doubt, then you
9  should find the defendant that you have under consideration
10 with respect to Count One and/or Count Two not guilty of
11 either one of those counts.
12         Now, with respect to Count Number Five, not only
13 must the Government prove beyond a reasonable doubt that
14 those two elements that I just explained to you, but the
15 Government must also prove that one of the conspirators
16 during the existence of the conspiracy knowingly committed
17 at least one of the overt acts described in the indictment
18 in order to accomplish some object or purpose of the
19 conspiracy.  And I'll address that Count Number Five in
20 just a moment.  That's the one which alleges the conspiracy
21 to launder money.  All right.
22         You see, you can become a member of a conspiracy
23 without knowing all of the details of the unlawful scheme,
24 without knowing all of the identities of all of the persons
25 involved.  If a person understands the unlawful nature of a

1 Andrade, guilty on Count One, guilty on Count Two, guilty on
2 Count Three, guilty on Count Four, guilty on Count Five, as
3 charged in the indictment."
4     Signed, Foreperson, Alva Miniel-Arroyo.
5     THE COURT: Is this the verdict of all 12 of you?
6     [JURY INDICATING IN THE AFFIRMATIVE]
7     THE COURT: Do you care to have the jury polled?
8     MR. OBENBERGER: Yes, Your Honor.
9     THE COURT: We will do that subsequently. Please
10 be seated.
11     Please Announce the verdict of the next individual.
12     THE CLERK: Criminal Case Number B-96-337, United
13 States of America versus Carlos Otero, also known as Charlie
14 Otero.
15     "We, the jury, find the defendant, Carlos Otero,
16 also known as Charlie Otero, guilty on Count One, guilty on
17 Count Two, guilty on Count Five, as charged in the
18 indictment."
19     Signed, Foreperson, Alva Miniel-Arroyo, dated
20 February 26, 1997.
21     THE COURT: Is this the verdict of all 12 of you
22 with respect to each and all counts as would regard that
23 defendant?
24     All of you have indicated in the affirmative.
25     Do you care to have the jury polled?