IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
JAN 0 4 2001
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CARLOS OTERO, | § | |
| Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-00-044 |
| VS. | § | |
| | § | CRIMINAL NO. B-96-337-02 |
| UNITED STATES OF AMERICA, | § | |
| Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### PROCEDURAL BACKGROUND

On March 27, 2000, Carlos Otero ("Otero") filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 (Docket No. 1). On the same day, he filed a request for an extension of time to supplement this Petition. (Docket No. 2). He was ordered to supplement his § 2255 Petition on or before May 5, 2000. (Docket No. 3). He did not comply with this order.

On May 16, 2000, Otero filed a Request for Enlargement of Time (Docket No. 6). Subsequently, Otero filed a Supplemental Motion in Support of his § 2255 Petition (Docket No. 10). For reasons not clear to the undersigned, this Supplement bears two file stamps. The first is dated May 19, 2000; the second is dated August 23, 2000.

In response to an Order by this court, the government responded to Otero's Petition on October 6, 2000. (Docket No. 11). On November 1, 2000, Otero responded to the government's Motion to Dismiss (Docket No. 12). This Response raised new issues. Cognizant of the court's obligation to construe pro se pleadings liberally, the undersigned ordered the government to respond to the claims raised by Otero. (Docket No. 13). The government has filed a response incorporating

a Motion to Dismiss or Alternatively for Summary Judgment (Docket No. 14). For the reasons set forth below, the government's Motion to Dismiss should be granted.

## FACTUAL BACKGROUND

On December 3, 1996, Otero and four others were named as defendants in a fourteen page indictment (Docket No. 1 in Cr. B-96-337) charging them with involvement in a marijuana smuggling and transporting enterprise which reached from South Texas to Illinois. Otero was charged in Counts One and Two with conspiracy to import and conspiracy to possess with intent to distribute marijuana. In Count Five, Otero was charged with money laundering.

On February 26, 1997, Otero was found guilty by a jury of all the charges against him. On April 30, 1997, Otero was sentenced ten years confinement on each count to be served concurrently. He was also sentenced to an eight year supervised release term and a $100.00 special assessment on each Count.

Otero's conviction was affirmed by the Fifth Circuit Court of Appeals in an unpublished opinion (Docket No. 248, Cr. B-96-337).

## THE § 2255 PETITION

In his original § 2255 Petition (Docket No. 1) Otero raised three points:

First: His counsel was ineffective for failing to offer an exculpatory statement by one of the co-defendants. According to Otero, one of his co-defendants, Andrade had signed an exculpatory statement while in jail. Otero's complaint is that while the trial judge allowed the introduction of the statement, he did not grant Otero's motion for a severance which would have allowed Andrade to testify concerning the statement.

Second: The trial court erred in sentencing Otero to the mandatory minimum of ten years

when the guideline range was 78 to 97 months.

Third: His Pre Sentence Report contained inaccuracies with respect to the amount of drugs involved.

In his November 1, 2000, Response (Docket No. 12) Otero raises claims under *Apprendi v. New Jersey*, ----- U.S. -----; 120 S.Ct. 2348 (2000) that the court did not properly charge the jury with respect to all the elements of the charges against him.

## RECOMMENDATIONS

None of Otero's claims has merit.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Otero argues that his counsel's performance was deficient for failing to obtain a severance so that Otero could present testimony from a co-defendant that would have exculpated him. The evidence which Otero wished to present was presented in written form. Otero makes absolutely no showing that Andrade, the co-defendant was willing to testify in his behalf. *United States v. Tencer*, 107 F.3d 1127 (5th Cir. 1997). Otero's counsel moved for severance. The trial court denied the Motion. Otero has failed to make the requisite *Strickland* showing that his counsel's performance was deficient. There is absolutely no showing that even if counsel's performance were deficient in failing to obtain a severance that the outcome would have been different. Additionally in Otero's appeal, the Fifth Circuit addressed this very point. The opinion at page nine points out that Andrade, the supposed repository of exculpatory evidence, refused to waive his Fifth Amendment rights, thus a severance would not have assisted Otero. The Fifth Circuit also pointed out that the jury had the purported exculpatory evidence. In conclusion the Fifth Circuit held that Otero was not entitled to a separate trial.

3

## THE SENTENCING ISSUE

Otero's guideline issue is frivolous. He was sentenced to the statutory minimum. Guideline issues are not cognizable in a § 2255 petition. *See United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

Otero's claim with respect to the PSR is also frivolous. He makes no showing that the trial evidence with respect to the drug quantity was inaccurate or untrue. *United States v. Alford*, 142 F. 3d 825 (5th Cir. 1998).

## THE APPRENDI CLAIM

*Apprendi* stands for the proposition that the government must prove beyond a reasonable doubt any fact which increase a penalty beyond the statutory maximum. *See Apprendi* 120 S.Ct. at 2362. Otero was sentenced to ten years because of a prior drug conviction. His sentence was at the bottom of the guideline range considering his history. Otero was charged with conspiracy to import in excess of 100 kilograms of marihuana. The range for this offense is ten years to life. He was sentenced to ten years. He has no *Apprendi* claim.

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Carlos Otero's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

*Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 3rd day of January, 2001.

_____
John Wm. Black
United States Magistrate Judge

5