16

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JAN 17 2001 AM
Michael N. Milby, Clerk

| | | |
|---|---|---|
| CARLOS OTERO, | * | Civil No. B-00-044 |
| | * | Crim. No. B-96-337-02 |
| Petitioner, | * | |
| | * | PETITIONER'S OBJECTIONS TO THE |
| v. | * | MAGISTRATES REPORT AND RECOMM- |
| | * | ENDATION OF JANUARY 4, 2001. |
| UNITED STATES OF AMERICA, | * | |
| | * | Hon. John Wm. Black |
| Respondent. | * | |
| | * | |

The Petitioner, Carlos Otero("Otero"), pro se, hereby objects to the Magistrates Report and Recommendation of January 4, 2001. The petitioner never received a copy of the government's response that was to be filed by December 22, 2000. This motion is timely filed because it was received on January 9, 2001. Based on the reasons set forth below, Otero's conviction and sentence must be <u>vacated</u>.

PETITIONER'S OBJECTIONS

1. <u>Jury Instructions</u>

Otero argues that the Magistrate's Report and Recommendation completely overlooks the jury instruction defect that he has raised in his motion. It cannot be disputed that the district court did not instruct Otero's jury as to the essential elements of the 21 U.S.C. § 841(a)(1) offense or the 21 U.S.C. § 952(a) offense.(See; Jury Instructions, pp. 1445-46, attached to this brief).

An essential element of the crime of conspiracy is that the



conspiracy must be to commit an offense under the Drug Abuse Prevention and Control subchapter. If a jury finds no such element under the conspiracy, there is no crime. U.S. v. Garcia, 37 F.3d 1359, 1369-71 (9th Cir. 1994). Because the object of the conspiracy is an element of the offense, the Fifth and Sixth Amendments require a jury to determine all facts necessary to establish the existence of the object of the conspiracy, and the government must prove it beyond a reasonable doubt. U.S. v. Bush, 70 F.3d 557, 561 (10th Cir. 1996); Jones v. United States, 526 U.S. 227, 143 L.Ed.2d 311, 119 S.Ct. 1215 (1999).

In this case, the district court properly instructed Otero's jury as to only the essential elements of the 21 U.S.C. §§ 846 and 963 offenses. However, the court omitted the essential elements of the objects of the conspiracys, § 841(a)(1) and § 952(a). It would follow then that a structural defect has occurred not only with respect to Otero's conviction, but to his sentence as well because when a court omits elements as essential as the elements presented here, constitutional error results because the jury has been precluded from finding each fact necessary to convict the defendant as well as the sentencing court does not have a basis to properly determine the statutory authorized maximum penalty for sentencing purposes. This is precisely what the Magistrate's Recommendation has overlooked: The error of ommission of the essential elements of both §§ 841(a)(1) and 952(a) based on the jury instructions, as well as a sentence imposed based on the greatest penalty found un-

der Section 841(b)(1)(A), is tantamount to a directed verdict for the United States which is condemned by the constitution thus, depriving Otero of his Fifth and Sixth Amendment rights.

Regardless of how overwhelming the evidence [may] be, the constitution delegates to the jury, not to the trial or sentencing judge, the important task of deciding guilt or innocence. For this reason, a trial judge prohibited from entering a judgement of conviction or directing the jury to come forward with such a verdict, regardless of how overwhelming the evidence may point in that direction. It follows that the trial judge is barred from attempting to override or interfere with the jury's independant judgement in a manner contrary to Otero's interests. <u>United States v. Johnson</u>, 718 F.2d 1317, 1322-25 (5th Cir. 1983). The court's instruction to the jury are the only means of assuring that the State is put to its burden of establishing every element of the crime and because Otero's jury was not instructed as to the essential elements of §§ 841(a)(1) or 952(a), the government has not met its burden of proof which is beyond a reasonable doubt and his conviction must be <u>reversed</u>. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

2. <u>The Apprendi Claim</u>

Otero argues that the Magistrate's Report and Recommendation with respect to his Apprendi claim is wrong. Otero does have an Apprendi claim.

Otero contends that the sentencing court violated his Fifth and Sixth Amendment rights under the due process clause and notice

3

and jury trial guarantees because neither § 841(a)(1) nor § 841(b)(1)(A) have been submitted to his jury and proven beyond a reasonable doubt. <u>Apprendi</u>, 120 S.Ct. 2348. Based on the above jury instruction errors, and the following sentencing errors demonstrated below, Otero's sentence must be vacated and § 841(b)(1)(A) should be struck from the record and replaced with § 841(b)(1)(C) and the court should resentence him to two concurrent terms of imprisonment of 78-97 months at a base offense level 28, Crim. I.

The magistrate would argue that because Otero's sentence did exceed the maximum for § 841(b)(1)(A), and because Otero's sentence imposed was 10 years, that he does not have an <u>Apprendi</u> claim before this court. The United States may have argued(albeit Otero would not know because he never received a copy of the governments response) that Apprendi would not apply unless the application of the guidelines brings the sentence outside of the authorized range of 20 years under the lesser penalties of § 841(b)(1)(C). However, the inquiry does not end here and this is what the magistrate has overlooked.

Otero's case is distinguishable from Apprendi in that Apprendi focused on the criminal penalties that were beyond the statutory maximum. Otero's sentence did not exceed that set by § 841(b)(1)(C) however, the principles upon which Apprendi relied are equally applicable because the criminal penalty involved under § 841(b)(1)(A) exceeded that provided for by the <u>Sentencing Guidelines</u>.

4

There can be no doubt that § 841(b)(1)(A) and (b)(1)(C) are separate offenses calling for separate penalties. <u>Apprendi</u>, 120 S. Ct. 2365. Consequently, by applying the prior conviction provision of § 841(b)(1)(A), Otero was exposed to greater punishment than he would have received under § 841(b)(1)(C) because § 841(b)(1)(A) is a provision that triggered a mandatory minimum that required raising the sentence beyond the 78-97 month sentence he would have received under § 841(b)(1)(C) <u>and</u> the Sentencing Guidelines. The maximum sentence statutorily authorized in Otero's case, given the guidelines, was 97 months. When the sentencing court directed his verdict to an § 841(a)(1) violation for which the essential elements were never determined, and then applying a penalty statute under which he was never convicted as the authority for enhancing his sentence was not proper under <u>Jones</u> or <u>Apprendi</u>. <u>Strickland</u>

3. <u>Conclusion</u>

Based on the foregoing reasons, petitioner Otero respectfully requests that this court <u>reverse</u> his conviction and order a new trial so that the essential elements of §§ 841(a)(1) and 952(a) can be determined by a jury beyond a reasonable doubt as guaranteed by the U.S. Constitution or, <u>vacate</u> his sentence and strike § 841(b)(1)(A) from the record and resentence him to two concurrent terms of imprisonment of 78-97 months under § 841(b)(1)(C).

Respectfully submitted,

_Carlos Otero_            1-10-01
Carlos Otero                       Date

1 partnership in crime where everybody becomes the agent of
2 every other member.
3    Now, in order for you to find the defendant guilty
4 of Counts One and Two, which is the conspiracy to import,
5 and Count -- that's Count One, Count Two is conspiracy to
6 possess with intent to distribute, you must find beyond a
7 reasonable doubt that the Government has proven the first
8 two matters that I'm going to talk to you beyond a
9 reasonable doubt.
10    When we get to Count Number Five, which is the
11 conspiracy to launder, it's going to involve another
12 element, and that element is going to be very simply -- an
13 element which requires that you have to find, in order for
14 you to find any of the defendants guilty of the money
15 laundering, that there was a conspiracy that actually
16 committed an overt act, as alleged in the indictment, an
17 overt act of something.  He went to rent the getaway car,
18 something like that.  All right.
19    So what must the Government prove to you beyond a
20 reasonable doubt before you can find any of the defendants
21 guilty of Count One and/or Count Two.  Number one, that two
22 or more persons engaged in an agreement, entered into an
23 agreement to commit the crime as charged in the respective
24 count, that two or more persons entered into an agreement.
25    Number two, that the defendant that you have under

1 consideration knew the unlawful purpose and joined in it
2 knowingly and willfully, that is, with the intent to further
3 the unlawful purpose. If you find that the Government has
4 proven both of those things beyond a reasonable doubt with
5 respect to either Count One and/or Count Two with regard to
6 any one of the defendants, you should find that defendant
7 guilty. If you're not satisfied that the Government has
8 proven those two matters beyond a reasonable doubt, then you
9 should find the defendant that you have under consideration
10 with respect to Count One and/or Count Two not guilty of
11 either one of those counts.
12 Now, with respect to Count Number Five, not only
13 must the Government prove beyond a reasonable doubt that
14 those two elements that I just explained to you, but the
15 Government must also prove that one of the conspirators
16 during the existence of the conspiracy knowingly committed
17 at least one of the overt acts described in the indictment
18 in order to accomplish some object or purpose of the
19 conspiracy. And I'll address that Count Number Five in
20 just a moment. That's the one which alleges the conspiracy
21 to launder money. All right.
22 You see, you can become a member of a conspiracy
23 without knowing all of the details of the unlawful scheme,
24 without knowing all of the identities of all of the persons
25 involved. If a person understands the unlawful nature of a